MOISE, Justice
 

 (dissenting).
 

 Under the law, since the adoption of the short form of indictment, the filing of a bill of particulars in a criminal case is a matter of right. State v. Bessar, 213 La. 299, 34 So.2d 785; State v. Chanet, 209 La. 410, 24 So.2d 670 and State v. Masino, 214 La. 744, 38 So.2d 622. More than three years has expired since the filing of the bill of particulars in the instant case and no further action has been taken by the prosecution since that time. Therefore, the prescription of three years has accrued. To deny defendant the right to avail himself of prescription, the interruption of an accrued prescription must be through some fault of the defendant such, as being a fugitive from justice, or the continual filing of dilatory pleas, obtaining continuances, and obstructing the prosecution; or there can be an interruption when we have a situation as in the Theard suit where the prosecution could not proceed because of the commitment of the accused by the court to an institution for the insane. There are many ways in which the State could set the prosecution in motion were it not dilatory. If a judge has a suit under advisement over thirty days
 
 *49
 
 the State has a right under the law to a mandamus to compel action. A defendant should not be denied a right because of the failure of the prosecution to act. The defendant being without fault, the original decree should be reinstated. I respectfully dissent.